**YUE XIANG XIAO, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Respondent.**

No. 07–4695–ag.

United States Court of Appeals,
Second Circuit.

Oct. 20, 2009.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Thomas V. Massucci, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Carol Federighi, Senior Litigation Counsel, Jem C. Sponzo, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, B.D. PARKER, and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Yue Xiang Xiao, a native and citizen of the People's Republic of China,

seeks review of an October 11, 2007, order of the BIA affirming the February 19, 2002, decision of Immigration Judge ("IJ") Helen Sichel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Xiang Xiao,* No. A078 715 915 (B.I.A. Oct. 11, 2007), *aff'g* No. A078 715 915 (Immig. Ct. N.Y. City Feb. 19, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ As an initial matter, Xiao failed to administratively exhaust her claim that the IJ violated her right to due process by failing to consider all the evidence in the record. Although the BIA lacks jurisdiction over constitutional claims, the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation. *See Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004). Thus, as long as the BIA can provide the possibility of relief, the issue must be exhausted before the agency. *See id.* Accordingly, because the BIA could have provided relief by finding that the IJ erred and remanding for consideration of the evidence in question, we lack jurisdiction to review Xiao's due process claim. *See* 8 U.S.C. § 1252(d)(1).

■ In addition, we find that the agency's adverse credibility determination was supported by substantial evidence. *See Corovic,* 519 F.3d at 95. The IJ reasonably based her credibility finding on implausible aspects of Xiao's testimony, internal inconsistencies in her testimony, and discrepancies between her testimony and the record evidence. *See id.*

The IJ found implausible Xiao's testimony that: 1) she retained the IUD that had allegedly been forcefully inserted after her arrival in the United States because she did not know where she could go to have it removed; and 2) Xiao's claim that she voluntarily gave birth to her second child in the same hospital where she had given birth to her first even though she had been hiding in another city because she feared that her pregnancy would be forcibly aborted. The inferences that the IJ drew in making these findings were both "tethered to the evidentiary record" and reasonable in light of common sense and ordinary experience. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

In addition, the IJ identified internal inconsistencies in Xiao's testimony as well as discrepancies between her testimony and the record evidence. First, the IJ noted that, although Xiao initially testified that she had lived in New York City since she arrived in the United States, she later admitted that she actually lived in New Jersey and only spent a few nights a month in New York.

The IJ also noted that, although Xiao testified that her mother paid the fine that was imposed on her because of her violation of the family-planning policy, the fine receipt stated that Xiao paid the fine personally. In addition, the IJ noted that Xiao could not have registered her daughter's birth in person as she claimed because, according to the family registration booklet, her daughter was registered during a period of time when Xiao was in hiding. Moreover, the IJ noted that, while Xiao testified that she left China in December 1999, her household registration indicated that she left China in May 1999 and her registration was cancelled in November 1999.

The discrepancy that the IJ noted with regard to Xiao's address was minor and ancillary to her claim. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). However, the remaining inconsistencies identified by the IJ served to undermine the overall credibility of Xiao's testimony. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *see also Liang Chen v. U.S. Att'y Gen'l,* 454 F.3d 103, 106–07 (2d Cir. 2006). Accordingly, the adverse credibility determination was supported by substantial evidence. *See Corovic,* 519 F.3d at 95

■ Although Xiao submitted voluminous background materials to establish that she would be subject to sterilization in China on account of having two children in violation of the family-planning policy, the BIA reasonably found that documentation insufficient to support a well-founded fear of future persecution given Xiao's incredible testimony and the lack of reliable evidence establishing that Xiao ever had contact with family-planning officials after the birth of her second child. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169–72 (2d Cir.2008).

The agency did not err in finding that, regardless of Xiao's lack of credibility, the background materials that she submitted, which included the 1998 Asylum Profile for China and the 2000 Country Report for China, were insufficient to establish a well-founded fear of future persecution. *See Jian Hui Shao,* 546 F.3d at 169–72. We

have previously reviewed, in the context of an untimely motion to reopen, the BIA's consideration of the evidence that Xiao submitted, as well as evidence similar to it, and found no error in its conclusion that such evidence was insufficient to establish that an applicant who gave birth to two children in China would be subject to family planning enforcement activities amounting to persecution. *See id.*

■ Because Xiao failed to meet her burden of proof with respect to her asylum claim, she also necessarily failed to meet the higher burden imposed by her claims for withholding of removal and CAT relief, which shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).